PETER HANS, PLAINTIFF, v. FRANK KNAPTON, DEFENDANT.

Decided October 19, 1925.

Negligence—Personal Injury From Motor Vehicle—Evidence in Dispute, But Involved Injury to Plaintiff While Stepping From Car On Atlantic City Road, by Being Struck by Car Going in Opposite Direction—Verdict For Plaintiff Not Against Weight of Evidence Nor Excessive.

On rule for new trial.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the plaintiff, *William C. French.*

For the defendant, *Walter S. Keown.*

PER CURIAM.

This is an action for damages for personal injuries growing out of a happening on the White Horse pike near Hammonton.

Plaintiff was riding in the car of one Del Ducca, and was on his way from Atlantic City to Camden. The car in which he was riding had been driven off the paved portion of the highway and was stopped opposite a refreshment stand which was located on the opposite side of the road. It was on Sunday, June 24th, 1923, and the traffic was heavy both from Atlantic City and toward Atlantic City.

The defendant was driving his car toward Atlantic City. The evidence beyond this is in dispute. The plaintiff claims that when the car in which he was riding was driven off of the roadway and stopped, it was for the purpose of permitting him and the owner of the car to go across the roadway to get some coffee. Plaintiff says that he got out of the car on the right-hand side, walked around the back of the car and was standing just on the paved portion of the highway about two feet from the left-hand side of the car in which he had been riding, and that the owner of the car had gotten out of the car from the left-hand side, at the driver's seat, and was also standing close to the car or upon the running board. Plaintiff further contends that the next thing he knew was that he was struck and that he then became unconscious.

The testimony of other occupants of the car in which plaintiff was riding and of one Mrs. Bennett is that defendant drove his car out of the line in which he was proceeding toward Atlantic City, and, going at a high rate of speed, attempted to pass a number of cars ahead of him, and in doing so drove over to the left-hand side of the roadway and struck plaintiff while he was standing close to the car from which he had alighted.

The contention of the defendant is that he did pull out of line, but that that was some half a mile or more before reaching the point of the accident, and that for some time before reaching the point of accident he had again gotten into line on the right-hand side of the highway and was proceeding in the string of other cars at a rate of eighteen or twenty miles per hour, and that when he reached the point of accident the plaintiff came out suddenly from behind a car proceeding in the opposite direction toward Camden and ran into the left side of defendant's car and so became injured.

Plaintiff has a verdict and judgment thereon for $3,000, and defendant has a rule to show cause for a new trial and raises really two points—

1. That the verdict is against the weight of the evidence.

2. That the verdict is excessive.

We find that the verdict is not against the weight of the evidence and is not excessive.

The rule to show cause is therefore discharged, with costs.